## WAGGONER v. SNEED et al.

(Court of Civil Appeals of Texas. Texarkana. May 25, 1911. Rehearing Denied June 8, 1911.)

1. Executors and Administrators (§ 156*)—Contingent Fee Contract—Effect.

A contract employing attorneys to prosecute a personal injury suit for one-half of the net recovery, and assigning a one-half interest in the cause of action to secure the fee, did not limit the injured person's administrator's recovery, on the former's subsequent death, to one-half of the damages sustained.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 156.*]

2. Executors and Administrators (§ 29*)—Appointment of Administrator—Collateral Attack.

The right of an administrator to prosecute a suit for personal injury to his decedent cannot be collaterally attacked in that suit on the ground of want of jurisdiction of the probate court to administer, where the administration proceedings are regular on their face.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 177–182; Dec. Dig. § 29.*]

3. Evidence (§ 576*)—Decedent's Testimony on Former Trial—Admissibility.

Decedent, for injury to whom his administrator sues, having testified on a former trial,

it was proper to read his testimony from the official stenographer's notes.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2401–2406; Dec. Dig. § 576.*]

4. Damages (§ 132*)—Personal Injury—Excessiveness.

For injury resulting in loss of part of decedent's hand, where he died a year after the accident, and did not lose more than $625 on account of diminished earning capacity, a verdict for $4,120 was excessive, and the recovery must be reduced to $2,000.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385; Dec. Dig. § 132.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by R. A. Sneed, administrator, and others, against W. T. Waggoner. Judgment for plaintiffs, and defendant appeals. Affirmed on condition of remittitur.

See, also, 118 S. W. 547.

H. A. Sneed, while employed in an oil mill belonging to appellant, suffered the loss of a part of one of his hands. The appellant's foreman was having a press casing, weighing from 6,000 to 10,000 pounds, lowered into position in the oil mill. A cement foundation had been prepared below the first floor of the building to receive this press. When the press was lowered into position, it was found that the bottom would not fit the foundation. Under the direction of the foreman, this heavy mass of metal, which was suspended by means of a 1½ inch grass rope to pulleys and to block and tackle, was raised about 20 inches, and the foreman directed Sneed to take his chisel and hammer and go underneath and deepen the foundation. While this casing was thus suspended, the rope broke, and the casing suddenly descended, catching the left hand of Sneed, who was engaged in the work directed, and injured it. The appellee alleged the negligence to be in the rope and block and tackle being defective, and not reasonably safe for use. The appellant answered by denial, contributory negligence, and assumed risk. The trial was to a jury, and a verdict returned in favor of appellee for $4,120. The issues of fact were all decided by the jury in favor of appellee, and are fully warranted by the evidence except as to the amount of the damages. In deference to the verdict, we conclude that appellant was guilty of negligence as charged in the petition, and that Sneed was not guilty of contributory negligence nor precluded by assumed risk.

Stephens & Miller and Bryan & Spoonts, for appellant. McLean & Carlock, for appellees.

LEVY, J. (after stating the facts as above). [1] The injury to H. A. Sneed occurred on March 31, 1907. On March 28, 1908, while at Petty on a visit to his brother, he committed suicide by taking carbolic acid. Pri-

or to his death, Sneed entered into a written contract with attorneys McLean & Carlock, employing them to prosecute his suit for damages against appellant. After his death, an administrator of his estate was duly appointed by the probate court of Tarrant county, and he qualified as such.

Under the first assignment appellant predicates error upon the contention that the deceased prior to his death had transferred a one-half interest in the cause of action to his attorneys, and by reason thereof the administrator prosecuting this suit was entitled to recover only to the extent of one-half of the damages. We do not think it could be said that the contract of employment entered into between Sneed and his attorneys operated to transfer the legal title to any of the cause of action. It simply agreed to the amount of fees for services to be rendered in prosecuting the suit, and conferred upon the attorneys a lien upon a one-half interest in the cause of action as security for the fees. The legal title still remained in Sneed and vested by operation of law in his administrator, with full authority to prosecute the same to judgment subject to the attorneys' equitable lien upon one-half the proceeds thereof as security for their compensation as attorneys in the case. The contract by its terms recites, "for their services to be rendered herein they shall receive as compensation one-half of whatever may be received or collected on said claim after first deducting from the total amount recovered the necessary expenses incident to the collection of said claim or the prosecution of said suit; and as security therefor a one-half interest in said cause of action is hereby assigned to said attorneys." The assignment is overruled.

[2] By the second assignment, appellant contends that the administrator was not properly entitled to prosecute this action, because the probate court of Tarrant county had no jurisdiction to administer on the estate, and therefore it was error to refuse a peremptory instruction. The proceedings of the probate court were void for want of jurisdiction, it is asserted, by reason of the fact that deceased was not a resident of Tarrant county, nor did he have any estate in the county. It was undenied that R. A. Sneed had been duly appointed administrator of the estate of H. A. Sneed, deceased, by the probate court, and that he had duly qualified and was acting as such. The application for appointment as administrator alleged that H. A. Sneed at the time of his death was a resident citizen of Tarrant county, Tex., and that he left a small estate in Tarrant county, Tex., of the estimated value of $1,000, and that he owed debts at the time of his death, and that a necessity existed for an administration upon his estate. In these circumstances it would not appear from the face of the proceedings before the probate court that it was without jurisdiction. And

the right of R. A. Sneed to prosecute this suit as administrator under appointment of the court could not be, it is not doubted, collaterally attacked, as is the effect here. Endel v. Norris, 93 Tex. 540, 25 S. W. 25; Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150.

[3] Before H. A. Sneed died, there had been a trial of this case, and he had testified in the case. And there was no error in reproducing his testimony from the notes taken by the official stenographer. The assignment is therefore overruled.

There was no error in refusing the special charges complained of in the eighth and ninth assignments. The main charge fully covered the issues.

[4] The fourth, fifth, sixth, and seventh assignments for error contend that the verdict is excessive. Sneed died within three days of a year from the date of the injury. According to the proof, he was earning $2 per working day. His diminished earning capacity could not therefore have exceeded approximately $625. This leaves the balance of the judgment to have been necessarily for mental and physical pain and suffering endured by him up to the time of his death. According to his physician, four fingers and about one-half of the ball of the left hand were amputated by reason of the injury, leaving the thumb and a part of the hand. And according to the physician the injured one recovered as quickly as could be expected from the character of the injury, and there were no complications. Of course, he naturally suffered pain and anguish from the injury. In a short time his hand healed up, and he was capable of doing some kinds of work. And after it healed up there is no evidence showing any usual suffering or much suffering. Considering, therefore, that this recovery is to go to the estate, and manifestly the greatest element of damage insisted upon lay in the supposed amount of suffering in mind and body by the deceased, we feel constrained to say from the record as a conclusion of fact that the amount of damages recovered in such respect is not supported by the evidence and is excessive. Had the deceased lived and recovered such judgment, it would be different; for then his future anguish on account of a maimed hand, and continued loss of earning power, would be present. It is true that the courts should be slow to disturb the verdict of the jury in such awards, and they are, and properly so, in the given case on its merits. But because such damages are necessarily indefinite and of uncertain computation is a reason why the courts, by the statute, are clothed with the power, and it is made their duty, to review the award of the jury and make a conclusion of fact thereon. If under the facts of the given case the award of the jury in the opinion of the court greatly measures too high, it becomes the duty of the court to correct the award of the jury and

intimate the excess. Article 1029a, R. S. 1895. And under all the facts and circumstances in this case we are firmly of the opinion that the award of the jury greatly measures too high. We therefore, as required by statute, indicate that in our opinion any sum above $2,000 is excessive.

If a remittitur of the sum recovered above $2,000 be filed within 20 days, it is ordered that the judgment be reformed and affirmed for $2,000; otherwise the judgment will be reversed and the cause remanded.