GOLDEN v. WALKER et al.

(Court of Civil Appeals of Texas. El Paso. Feb. 6, 1913.)

1. WILLS (§ 421*) — JUDGMENT — COLLATERAL ATTACK—EVIDENCE.

The mere fact that the statement of testimony taken in an application to probate a will, and filed under Rev. Civ. St. 1911, art. 3273, requiring that "all testimony in open court upon the hearing of an application to probate a will shall be committed to writing when taken and subscribed and filed," and that the recitals in the decree of probate do not refer to the sanity of the testator, which article 3271 provides must be proven before a will is probated, does not render the judgment void or subject to collateral attack, since a judgment rendered by a court, whose jurisdiction over the subject-matter is not questioned, is not opened to collateral attack by a showing that the evidence on which it was based was illegal, improperly received, or insufficient, nor do the facts in themselves show that no evidence of sanity was received.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 904–910; Dec. Dig. § 421.*]

2. EXECUTORS AND ADMINISTRATORS (§ 397*) — SALE OF LAND — DEED — DESCRIPTION — CERTAINTY.

An order of the probate court for the sale of a decedent's land, and the order confirming the sale, described the land as 248 acres of land in the C. Smith grant in B. county. The executor's deed described it as "the property of said" decedent in B. county, "comprising 248 acres of land in the Cornelius Smith grant, being part of the Mary Scobe 775-acre survey,

and conveyed to the [decedent] by" M., with a reference to the record of M.'s will. The inventory showed no other land of the estate in the C. Smith grant in B. county. *Held,* that the deed was not void for uncertainty, nor was there any need of extrinsic evidence to identify the land conveyed as the same mentioned in the orders.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1598–1604; Dec. Dig. § 397.*]

Appeal from District Court, Brazoria County; Wells Thompson, Judge.

Action by Mary E. Golden against Robert Walker and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Masterson & Rucks and Louis J. Wilson, all of Angleton, for appellant. J. T. Loggins and W. S. Sproles, both of Angleton, for appellees.

HIGGINS, J. This was an action in trespass to try title by appellant to recover 248 acres of land in Brazoria county, tried before the court, resulting in judgment for defendants.

Laura M. Justice was the common source of title; plaintiffs having deed from her heirs. The estate of Laura M. Justice was administered in the county court of Galveston county; and defendants claim title under a deed from the executor of her estate, made and executed in accordance with certain orders of the probate court. The position is taken that the deed of the executor conveyed no title, for two reasons: First, the record of the probate court of Galveston county, in relation to the probate of the will of Laura M. Justice, discloses that the court was without jurisdiction to admit the will of the decedent to probate, because she was not proven to be of sound mind at the date she executed the will, wherefore the order admitting the same to probate and subsequent proceedings thereunder, resulting in the sale of the property, were null and void and subject to collateral attack; second, because the orders of the probate court, upon which the executor's deed was based, and the deed itself, did not sufficiently describe the land, and were void. It is further urged that, if the descriptions contained in the county court orders and executor's deed were not void for uncertainty, yet they were not complete in themselves, and must have been aided by extrinsic evidence identifying the land; and, since none was offered, judgment should have been for the plaintiffs.

[1] Sudivision 1 of article 3267, Revised Statutes 1911, says that a written will, produced in court, may be proved by the written affidavit of one of the subscribing witnesses thereto taken in open court and subscribed by such witness. Article 3271 provides that, before admitting a will to probate, a number of facts shall be proven to the satisfaction of the court, one of the facts so required to be proven being that the tes-

tator was of sound mind at the time of executing the will; and article 3273 stipulates: "All testimony taken in open court upon the hearing of an application to probate a will, shall be committed to writing at the time it is taken, and subscribed in open court by the witness or witnesses, and filed by the clerk."

On March 21, 1904, Laura M. Justice's will was probated by the county court of Galveston county upon the testimony of one of the subscribing witnesses thereto. The statement of the testimony, as reduced to writing and filed with the clerk, makes no reference whatever to the sanity of the testator at the time of making the will, nor do the recitals in the decree of probate; and, by reason of such omissions, appellant contends, as stated above, that there appears to have been a failure of proof of sanity, and without such proof the court had no jurisdiction to admit the will to probate, and its order to that effect was therefore null and void. This, however, is an objection which relates to the sufficiency of the testimony rather than to the jurisdiction of the court; hence, while the judgment may have been erroneous and subject to review by appeal, or possibly by direct proceeding to set same aside under article 5699, yet it is certainly not void. A judgment rendered by a court, whose jurisdiction over the subject-matter is not questioned, is not lost so as to subject the judgment to attack in a collateral proceeding by a showing that the evidence on which it was based was illegal, improperly received, or insufficient. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed. Odle v. Frost, 59 Tex. 684; Waggoner v. Sneed, 138 S. W. 219; 1 Black on Judgments, par. 268; Freeman on Judgments (3d Ed.) par. 135; 23 Cyc. 1094, 1095. Aside from these considerations, there is no affirmative showing that proof of the sanity of the testator was not made upon the hearing. The fact that there is no recital in the decree that sanity was proven, and the further fact that the written statement of the evidence on file with the clerk is silent in regard thereto, does not of itself show that such proof was not adduced upon the hearing. Article 3271 definitely instructs the court in regard to the facts which shall be proven before admitting a will to probate, whereas the effect of article 3273 and subdivision 1 of 3267 is merely to require the preservation in written form of the evidence which was adduced upon the hearing. It is proof of the facts required by article 3271 which authorizes the court to probate the will, and not the mere reduction of the testimony to writing and its filing with the clerk. So, in a collateral attack upon an order admitting a will to probate, based upon an alleged insufficiency in the proof, as shown by the affidavit on file with the clerk, it should be presumed that, before entering the order of probate, all of the facts required by article 3271 had been proven to the satisfaction of the court, and the apparent insufficiency in the affidavit was due to mistake or inadvertence, whereby all of the evidence had not been incorporated therein. Surely a collateral attack upon wills should not be permitted which have been admitted to probate upon a hearing, where all of the facts required to be proven had been proven, by a mere inadvertence, mistake, or carelessness upon the part of the one who undertakes to reduce to writing the evidence adduced, whereby some material fact testified to is omitted from the written statement. For both of the reasons stated above, we think the appellant precluded from collaterally attacking the decree probating the Justice will.

[2] The description in the order of sale was, "Two hundred and forty-eight (248) acres of land in the C. Smith grant, in Brazoria county, Texas"; in the order of confirmation, "Two hundred and forty-eight acres (248) of land in the C. Smith grant, situated and being in Brazoria county, Texas"; in the executor's deed, "All that certain tract or parcel of land, the property of said Laura M. Justice, deceased, lying and being situated in the county of Brazoria, state of Texas, comprising two hundred and forty-eight 248, acres of land, in the Cornelius Smith grant, and being a part of the Mary Scobe 775-acre survey, and being the land bequeathed the said Laura M. Justice, deceased, by the last will and testament of Maggie E. Minnick, a copy of which will is recorded in Deed Book No. 20, at page 235 in records of Brazoria county, Texas, and more fully described in other and prior deeds, and to all of which reference is hereby made."

The inventory discloses that the only land owned by the estate was 248 acres of land in the C. Smith grant in Brazoria county, Tex. Under the rules recognized in Hermann v. Likens, 90 Tex. 448, 39 S. W. 282, these descriptions certainly cannot be regarded as void for uncertainty; and it is equally manifest that the land described in the deed was the same referred to in the orders, therefore no necessity to identify the same by extrinsic evidence. Neither was there any necessity, by extrinsic evidence, to identify the land described in the defendant's deed as covering the premises in controversy. The description contained in the deed of plaintiff from the Justice heirs clearly discloses that it referred to the same land conveyed by the executor; hence there was no necessity for defendants to offer any extrinsic evidence identifying the land sued for as covered by their deed.

Affirmed.