**SMITH v. BITTICK. (No. 1258.)**[*]

(Court of Civil Appeals of Texas. El Paso. Jan. 12, 1922. Rehearing Denied Feb. 2, 1922.)

1. **Judgment ⬤497(1) — Jurisdictional facts not recited conclusively presumed on collateral attack.**

In a collateral attack on a judgment, jurisdictional facts not recited will be conclusively presumed.

2. **Execution ⬤258—On collateral attack, evidence held to show that the court entering the judgment under which sale was made was not without jurisdiction.**

In a collateral suit involving the validity of sale of land under execution, in proceedings which had been begun by foreclosure of lien on certain animals, resulting in a foreclosure sale of stock, following which the land was sold under execution for the balance, the evidence did not show lack of jurisdiction, in that the animals were not of the value of $200 or more, where it showed that two of the four were sold for $55 and that one had died and another been stolen before the sale.

3. **Execution ⬤275(2, 3)—Irregularities held not to affect title of purchaser who was not a party.**

On a collateral attack on an execution sale, where the purchaser thereat was not a party

to the judgment, irregularities as to issuance of the execution and return of the writ and inadequacy of price did not affect the purchaser's title.

**4. Evidence** ⬀➾383(7) — **Trustee's deed held prima facie proof of nonpayment of the debt and regular foreclosure.**

Where a deed by substitute trustee recited facts showing a valid sale for adequate price, under deed of trust conferring authority on substitute trustee to sell on nonpayment of the debt, such deed was prima facie evidence of a regular foreclosure, in view of a provision in the deed of trust that any deed given by the trustee or substitute, and any and all statements therein as to nonpayment, request to sell, time, place, terms of sale, etc., shall be taken by courts as prima facie evidence that the said recitals are facts.

**5. Deeds** ⬀➾38(2)—**Execution** ⬀➾312—**Mortgages** ⬀➾48(2)—**Description held sufficiently certain under rule that it could be made certain.**

Deed of conveyance, and sheriff's deed on sale on execution, and trustee's deed on sale under mortgage foreclosure, which describe the property as all of the N. survey No. 325 on the Rio Grande, as described in patent from state to N., dated April 9, 1908, book 25, p. 321, of deed records of E. county, containing approximately 120 acres and being about 40 miles south 45° east from county seat of E. county, adjoining what is known as W. survey No. 44, were sufficient under the rule that that is certain which can be made certain.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by A. W. Bittick against Fenton W. Smith and C. E. Benton. Dismissed as to defendant Benton, and, from a judgment for plaintiff, defendant Smith appeals. Affirmed.

Del W. Harrington, of El Paso, for appellant.

Jones, Jones, Hardie & Grambling, of El Paso, for appellee.

HARPER, C. J. A. W. Bittick brought this suit against Fenton W. Smith and C. E. Benton. The petition contains two counts:

First, in trespass to try title to lands described as follows:

"All of C. M. Newman survey No. 325, on the waters of the Rio Grande, as described in patent from the state of Texas to C. M. Newman, dated April 9, 1908, recorded in book 25, at page 321, of the deed records of El Paso county, Tex., containing approximately 120 acres of land and being about 40 miles south 45° east from the county seat of El Paso county, Tex., and adjoining what is known as Ralph Wright survey No. 44."

The second count recites that it is in the alternative, and sets up certain notes and prays for judgment for their several sums and for foreclosure of liens therein described.

The defendant answered by general denial and not guilty, and, specially, that the sale of the land by substitute trustee was void, for the reasons hereinafter mentioned; also that the sheriff's sale under execution was void for reasons hereinafter discussed.

The court instructed a verdict and entered judgment for plaintiff for the land sued for, from which an appeal is perfected. Dismissed as to C. E. Benton without objection. It is agreed that E. H. Griffith is the common source of title.

Plaintiff introduced in evidence:

Deed from E. H. and Lola Griffith to Fenton W. Smith, consideration, $4,800; said deed contains a description of. the land by definite location and by metes and bounds.

Deed of trust, Williams, trustee, to secure the payment of note payable to the City National Bank of El Paso.

Judgment dated May 19, 1919, in cause No. 6990, Texas Bank & Trust Company v. Fenton W. Smith, in El Paso county court at law, for $159.60, and foreclosing lien upon horses and mules as provided in chattel mortgage.

Order of sale dated July 18, 1919, and sheriff's return thereon, which recites the sale of certain stock for $55; not all.

Execution, in same case, which recites that the judgment was recovered May 18, 1919, and the return of the sheriff, which recites:

"Return.

"Came to hand the 30th day of January, 1920, at 10:40 a. m., and executed the 4th day of February, 1920, at 10:25 a. m., by levying upon the following described real property, as the property of Fenton W. Smith, to wit: Survey No. 325 in El Paso county, Tex., about 40 miles south 45° east from the county seat, near Tornillo, and adjoining Ralph Wright survey (44, and containing approximately 120 acres. And thereafter, on the 2d day of March, 1920, I sold said property at public sale for cash to the highest bidder, between the hours of 10 o'clock a. m. and 4 o'clock p. m. on said day, and the highest bidder being the First National Bank of El Paso, Tex., it having bid for said property the sum of $75, and that being the highest and best bid for same; and I having, previous to said sale, mailed a written notice of the time, place, and terms of sale, and the authority under which said sale was to be held, describing the land in the manner required by law, and said notice containing all of the requisites required by law, to Fenton W. Smith, and I having, previous to said sale, published such notice to sell in the El Paso Morning Times, a daily newspaper published in the English language in El Paso county, Tex., and having a general circulation in said county, said notice being published on the 5th day of February, 1920, on the 12th day of February, 1920, and on the 19th day of February, 1920, and as shown by affidavit hereto attached and made a part of this return, and said sale having been held in all respects according to law, I have executed and delivered to the First Na-

⬀➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tional Bank of El Paso, Tex., a deed to said property, it having paid said sum of $75, out of which the costs have first been deducted, amounting to the sum of $8.50, and the balance of said sum has been delivered to Jones, Jones, Hardie & Grambling for the plaintiff, as a credit on said judgment. Seth B. Orndorff, Sheriff, by R. E. Bryant, Deputy."

Next, sheriff's deed dated March 6, 1920, to First National Bank of El Paso county, Tex., describing the land as follows:

"All of survey numbered 325 in El Paso county, Tex., about 40 miles south 45° east from the county seat, being near Tornillo, and adjoining Ralph Wright survey No. 44, and containing approximately 120 acres."

Quitclaim deed from First National Bank of El Paso, Tex., to A. W. Bittick.

Transfer of deed of trust lien from City National Bank to H. M. Morris.

Request to Williams, trustee therein, to sell; his refusal to act; appointment of Hardie substitute trustee and request of him to sell, and then trustee's deed executed by said Hardie to said Morris, reciting consideration of $100, dated June 3, 1920.

Special warranty deed from Morris to Bittick, which describes the land in controversy substantially as in sheriff's deed above described.

The defendant Smith testified that he lived (at one time) about a mile and a half from Tornillo, on this land; that it is worth from $100 to $125 per acre; that only two animals were sold under the mortgage given to secure the Texas Bank & Trust Company, because one of the horses was dead and another, got into Mexico, was stolen.

The trial court having instructed a verdict for plaintiff and entered judgment for title and possession of the land as described in the first count of the petition, it is clear that the second count was in no way considered, so if the judgment is to be sustained it is because the above muniments of title divest title out of appellant, Smith, and vest it in appellee, Bittick.

[1] The first assignment is that the court erred in instructing a verdict for plaintiff and in refusing to instruct verdict for defendant, because (taking up the sale under the execution from the county court at law first, because this deed is first in time), the court had no jurisdiction to render the judgment, in that the amount sued for nor the value of the stock for which the lien was foreclosed were of the value of $200 or more; therefore the sale was void.

This is a collateral attack upon the judgment and in such cases the jurisdictional facts, when not recited, as in this case, will be conclusively presumed to have existed. Ferrell M. Abst. & Title Co. v. McCormac, 184 S. W. 1081; Black on Judgments, § 270; Bender v. Damon, 72 Tex. 92, 9 S. W. 747.

[2] True, the evidence is that only two of the four animals were sold under the order of sale, and that they brought only $55. But it further appears that one of them had died and another had been stolen before the sale took place, but this falls far short of evidence that the animals were not in existence and of the value of $200 or more at the date of the judgment.

[3] It is urged by assignments and propositions that the sale of the land under execution was void because of many irregularities named in the issuance of the writ, the notice of sale, and inadequacy of price, etc. They are overruled, for the reason that, this being a collateral attack upon the sale, and the purchaser at the sale, First National Bank, not being a party to the judgment, mere irregularities as to issuance, execution, and return of the writ, and inadequacy of price, do not affect the purchaser's title. Morris v. Hastings, 70 Tex. 26, 7 S. W. 649, 8 Am. St. Rep. 570; South Texas Lumber Co. v. Burleson et al., 178 S. W. 961.

[4] It is also urged that the sale by the substitute trustee is void. The propositions are that the burden was upon plaintiff to show a valid sale (a) and that $100 is inadequate; (b) that the deed of trust did not confer authority upon the trustee named nor upon the substitute trustee to sell; (c) that the record discloses that the debt and lien had been extinguished by payment; (d) that the note offered in evidence is a note dated May 7, 1917, due six months after date, bearing interest at 10 per cent. per annum, payable to the City National Bank, signed Fenton W. Smith, and does not support the sale by substituted trustee under deed of trust, which recites that it is to secure a note executed by Fenton W. Smith and his wife, Lela Smith, with interest at 8 per cent. per annum.

There are many other propositions of law presented by appellants of similar import, based upon alleged facts claimed to be necessary for appellee to prove in order to show a legal sale under the deed of trust, and which it may be conceded were not proved, for the reason that plaintiff was relieved of this proof by the following provision in the deed of trust:

"And it is further specially agreed by the parties hereunto that in any deed or deeds given by any trustee or substitute duly appointed hereunder, and any and all statements of fact or other recitals therein made as to the nonpayment of the money secured, or as to the request to sell, the time, place, terms of sale, and property to be sold having been duly published, or as to any other act or thing having been duly done by any trustee, or substitute, shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals do state facts and are without further question to be accepted, and we, the said grantors, 'do hereby ratify and confirm any and all acts that the trustee, or substitute, or his successors in this trust may lawfully do in the premises by virtue hereof.'"

The trustee's deed contains recitals necessary to cover all such objections; it therefore constitutes prima facie proof of nonpayment and regular foreclosure thereunder. The defendant was upon the witness stand and was not interrogated about any of these matters nor was there any proof offered by him to rebut the legal presumptions indicated; therefore no issue upon any of the questions were made. Adams et al. v. Zellner, 107 Tex. 653, 183 S. W. 1143.

[5] The next question is: Are the descriptions in the execution deed and trustee's deed and other instruments in evidence sufficient to support the sales and deeds relied on by appellees? At least he says the sufficiency of the description, under the evidence, became an issue of fact for determination by the jury.

The description contained in the plaintiff's pleading in the court in trespass to try title, copied above, is certain, but, if not, the rule applicable is, "That is certain which can be made certain," and the following facts in evidence certainly remove all doubt. The deed from Griffith and wife to appellant describes it by the same survey number, same county, same direction and distance from county seat and adjoining Ralph Wright survey No. 44, same number of acres, and then by metes and bounds. The deed of trust contains the same description. The deeds from sheriff and trustee convey it as the property of appellants, and both contain substantial descriptions, and the testimony of Baker, surveyor, makes it certain that it can be located upon the ground. Long v. Shelton, 126 S. W. 40; Waterhouse v. Gallup, 178 S. W. 773; Golden v. Walker, 153 S. W. 683.

Believing that there is no merit in the assignments, they are overruled and cause affirmed.