BURROWS et al. v. NACOGDOCHES NAT. FARM LOAN ASS'N. (No. 1688.)

Court of Civil Appeals of Texas. Beaumont.
May 14, 1928.

Rehearing Denied May 23, 1928.

1. Bills and notes ⊕⇒306—Subrogation ⊕⇒4—Indorser had cause of action against maker by subrogation and assignment, where it paid installments on note secured by trust deed.

Where maker of note gave trust deed to secure same, and association which indorsed note was forced to pay installmnts due and brought action for amount paid on note and to foreclose its lien on land, held, that by subrogation to rights of payee and by assignment of claim for amount paid indorser had cause of action against maker.

2. Evidence ⊕⇒159—Testimony of indorser's secretary-treasurer that he saw husband and wife execute note held admissible, where trust deed showed amount of original note and due date of installments.

In indorser's suit for amount paid on note and to foreclose lien on land where there was no controversy as to amount of original note, due date of installments, condition of trust lien, which were all set out in deed of trust which constituted primary evidence of facts stated therein, admission of testimony of indorser's secretary and treasurer that he saw husband and wife execute note held not error.

3. Appeal and error ⊕⇒173(10)—Assignment of error raising limitations will not be considered where there is no plea of limitations.

Where there was no plea of limitations by defendant, assignment of error raising that issue will not be considered.

4. Chattel mortgages ⊕⇒278—Foreclosure of lien on stock certificate held error, in absence of proof that debtor owned it and that creditor had lien.

Foreclosure of lien on certificate for shares of stock held error, where there was no proof

that debtor owned particular stock, nor that there was lien against this particular stock to secure indebtedness.

**5. Costs ⬤⟿237—Appellee must pay costs where error is called to attention of trial court by appellant's motion for new trial and judgment is reversed in part.**

Where error is called to the attention of trial court by appellant's motion for new trial and on appeal judgment is reversed in part, costs of appeal are taxed against appellee.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Action by the Nacogdoches National Farm Loan Association against W. D. Burrows and others. Judgment for plaintiff, and named defendant appeals. Affirmed in part, and reversed and rendered in part.

Adams & McAlister, of Nacogdoches, for appellant.

H. L. Edwards, of Nacogdoches, for appellee.

WALKER, J. [1] On the 26th day of January, 1920, appellant W. D. Burrows, joined by his wife, Mary A. Burrows, executed to the Federal Land Bank of Houston their note for $3,000 to be paid in 68 semiannual payments of $97.50 each, due on the 1st day of June and the 1st day of December during the loan period, secured by a deed of trust on certain land belonging to Burrows, the indorsement of appellee, and a mortgage on 30 shares of the capital stock of appellee. Burrows made default in the payment of the 5 installments maturing from June 1, 1925, to June 1, 1927, inclusive. Appellee, being indorser on this note, paid these installments on demand of the Federal Land Bank and on the 17th day of August, 1927, took an assignment from the Federal Land Bank for the amount so paid with the corresponding interest in the deed of trust. This assignment covered only the deed of trust and made no reference to the capital stock of appellee. The assignment expressly stated that the lien assigned to appellee was subject to the lien retained by the Federal Land Bank to secure the payment of the balance of the note. The $3,000 note represented the balance due by Burrows on a vendor's lien held by Mrs. Clara P. Joplin, which she for valuable consideration assigned to the Federal Land Bank. This suit was by the appellee against Burrows and wife for the amount paid by it on the note and to foreclose its lien on the land, and also on the capital stock owned by Burrows in Nacogdoches National Farm Loan Association, and to have its lien on the land declared superior to any claim by Mrs. Joplin, who was also made a defendant on the theory that she was asserting some sort of a claim to the land. Burrows and wife answered only by demurrers and a plea of payment and coverture on the part of Mrs. Burrows. Mrs. Joplin answered by plea of coverture. Appellee replied to Mrs. Joplin's plea of coverture by alleging that she and her husband had been separated for many years; that she transacted her own business; that they had divided their property, etc. On trial to the court without a jury, judgment was in appellee's favor for all the relief prayed for; that is, for $593.75, representing the payments made with interest and attorney's fees, with foreclosure of the deed of trust lien on the land and foreclosure of lien on the capital stock owned by Burrows in the Nacogdoches National Farm Loan Association, being certificate No. 20959, and decreeing appellee's lien superior to any claim on the part of Mrs. Joplin. From this judgment W. D. Burrows alone has prosecuted his appeal to this court. The court did not err in rendering judgment in appellee's favor for $593.76. That sum represented the amount paid by appellee for appellant's account, for which it was liable on its indorsement, and there was no evidence that this sum had been repaid by Burrows. Being thus liable on the note as indorser, it was appellee's duty to make the payment on Burrows' default, and both by subrogation and by assignment of the claim from and by the Federal Land Bank appellee had a cause of action against appellant.

[2, 3] There was no controversy as to the amount of the original note, the due date of the semiannual installments, and the conditions of the deed of trust lien. These were all set out in the deed of trust, which constituted primary evidence of the facts stated therein. T. W. Marse & Co. v. Flockinger (Tex. Civ. App.) 189 S. W. 1017. Therefore the court did not err in permitting Mr. Thomas Hall, appellee's secretary and treasurer, to testify that he saw Burrows and wife execute the $3,000 note. There being no plea of limitation by appellant, his assignments raising that issue against certain of the payments made by appellee for his account are overruled.

Mrs. Joplin has not appealed, and appellant's assignments against the judgment, in so far as it affected her, are without merit.

[4] There was error in foreclosing the lien on the stock owned by Burrows in the Nacogdoches National Farm Loan Association. The court undertook to and did foreclose a lien against certificate No. 20959, for 30 shares of the par value of $5 each. There was no proof that Burrows owned this particular stock, nor that appellant had a lien against this particular stock to secure its indebtedness.

[5] The judgment of the trial court is in all things affirmed except as to foreclosing the lien on stock certificate No. 20959. As to this item, the judgment of the trial court is reversed and judgment here rendered in appellant's favor. Since this error was called to

the attention of the trial court by appellant's motion for new trial, the costs of this appeal will be taxed against appellee.

Affirmed in part, and in part reversed and rendered.