### TOM v. KENEDY NAT. FARM LOAN ASS'N.

#### No. 3773.

Court of Civil Appeals of Texas. El Paso.

Dec. 15, 1938.

417

Greenwood, Moody & Robertson and J. B. Robertson, all of Austin, for appellant.

Carl Runge and J. V. Wheat, both of Houston, for appellee.

WALTHALL, Justice.

This suit was brought in the District Court of Goliad County, Texas, by J. C. Tom, Jr., as plaintiff, in trespass to try title against the Kenedy National Farm Loan Association, a corporation, as defendant, to recover 217.5 acres of land, 189.8 acres of which is described as situated in DeWitt County, Texas, and 27.7 acres of which is described as situated in Goliad County, Texas. The land is fully described in the petition by metes and bounds and otherwise.

The defendant answered by general denial and plea of not guilty, and filed and

presented a cross-action for title, and in the alternative for foreclosure of a deed of trust lien against the land in controversy.

The plaintiff held the legal title to the land involved, subject to a deed of trust of the Federal Land Bank and the sale of the land thereunder by a substitute trustee.

Defendant claimed title under the substitute trustee's foreclosure of a deed of trust lien placed on the land by plaintiff's predecessor in title. Plaintiff did not question the validity or effectiveness of the deed of trust lien held by the defendant; his effort, apparently, was to secure an opportunity to exercise the right of redemption.

The controlling question in the case presented here is whether the foreclosure sale of the land under the deed of trust made by the substitute trustee, under the circumstances shown, was a valid exercise of the power contained in the deed of trust and passed title to defendant.

No jury having been demanded, the case was tried before the court. The court heard the evidence, made findings of fact and conclusions of law, and rendered judgment that plaintiff take nothing by his suit, and that defendant recover on its cross-action.

Plaintiff excepted, gave notice and duly prosecutes this appeal.

### Opinion.

Appellee, in support of its cross-action, relied solely on a deed purporting to have been executed by a substitute trustee under said deed of trust. The deed of trust provided that the owner or holder of the debt secured thereby should have power to appoint a substitute trustee by a written instrument duly recorded in the county where the land was situated. The land was situated partly in DeWitt County and partly in Goliad County. The only written instrument offered in evidence attempting to appoint a substitute trustee was shown to have been recorded only in DeWitt County, and there was no evidence that any such written instrument was ever recorded in Goliad County, but the evidence was that no such instrument was recorded in Goliad County. Under a statement of the above facts appellant submits the court erred in rendering judgment against him.

The deed of trust in stating the powers and duties of the trustee and substitute trustee is quite lengthy, but contained in legal effect the power conferred upon the substitute trustee as stated in the proposition; also the land is shown to be located as stated in the proposition.

There can be no question but that the maker of the deed of trust has the right to impose upon its exercise such conditions as he deemed necessary, and such conditions and limitations as he does impose must be strictly followed. Michael v. Crawford, 108 Tex. 352, 193 S.W. 1070, and cases there referred to, beginning with Crosby v. Huston, 1 Tex. 203. It is said in Perry on Trusts, 2d Ed., Sec. 602p: "The power of transferring the property of one man to another must be followed strictly, literally and precisely. Such power admits of no substitution and of no equivalent, even in unimportant detail. If the power contains the details, the parties have made them important; and no change can be made even if the mortgagor would be benefited thereby, nor if a statute provides a different manner. If the power is not executed as it is given in all particulars, it is not executed at all, and the mortgagor still has his equity of redemption."

In Crosby v. Huston, 1 Tex. 203, Judge Hemphill said: "The authorities show clearly, that the conditions and solemnities annexed to the execution of a power, must be strictly complied with, however, unessential they might have been; that observance is indispensable, and can admit of no equivalent or substitution."

To make applicable the above doctrine to the instant case it must appear that it was the intention of the maker of the deed of trust as expressed in the deed itself, to impose as a condition upon the appointment of the substitute trustee, that the instrument appointing him should be recorded in each of the counties in which the land is partly situated.

We have not, however, found in the deed of trust an express provision that the deed of trust should be recorded in each of the counties of DeWitt and Goliad. The only place in the deed of trust which refers to the place of its record is the following: "If the said trustee shall die or shall remove from the State of Texas, or shall be disqualified from acting in the execution of this trust, or shall fail or refuse to execute the same when requested by the owner or holder of said debt so to do, said owner shall have full power to appoint by written instrument duly recorded in said county, a substitute trustee, and, if

necessary, several substitute trustees in succession, who shall succeed to all the estate, rights, powers and duties of the said M. H. Gossett," the trustee named in the trust deed. The deed of trust after reciting that the real estate conveyed to M. H. Gossett, the trustee, and to his successors in the trust created, is situated in DeWitt and Goliad Counties, State of Texas, then further proceeded in the description of the land conveyed as in the petition. The deed of trust recites that the conveyance is made in trust to secure and enforce the payment of one promissory note executed by mortgagors, payable to the order of the Federal Land Bank of Houston, and further stating a description of the note and the manner of its payment.

The record shows that the deed of trust was duly executed and recorded in DeWitt County.

Article 6630 of the Revised Civil Statutes, 1925, provides: "All deeds, conveyances, deeds of trust, or other written contracts relating to real estate, which are authorized to be recorded, shall be recorded in the county where such real estate, *or a part thereof,* is situated."

Under a number of authorities cited in the footnotes, 36 Tex.Jurisprudence, at page 445, it is said: "Where a deed or other instrument affects the title to land in one tract which is partly in one county and partly in another, registration in either of such counties is notice as to all of the land."

The parties not having made it a condition in the deed of trust that the deed should be recorded in each of the two counties, and it not otherwise appearing that such was their intention, the record of the deed of trust in DeWitt County, we think, is sufficient.

We think the above is sustained by the following authorities: Sun Oil Company v. Burns, 125 Tex. 549, 84 S.W.2d 442; Sisk v. Randon, 123 Tex. 326; 70 S.W.2d 689; Worley v. Empire Gas & Fuel Co., 129 Tex. 532, 103 S.W.2d 368; Totton v. Smith, Tex.Sup., 113 S.W.2d 517; Bumpass v. Bond, Tex.Sup., 114 S.W.2d 1172; Hancock v. Tram Lbr. Co., 65 Tex. 225.

The appellant held the legal title to the land involved subject only to the deed of trust executed to the Federal Land Bank. Appellee, in support of its cross-action, relied on the deed executed to it by the substitute trustee. The deed of trust provided that if the trustee named should fail to execute the deed for any of the reasons stated, "when requested by the owner or holder of said debt so to do, said owner or holder shall have full power to appoint, by written instrument duly recorded in said county, a substitute trustee."

Appellant submits that the debt secured by the deed of trust was owned partly by the appellee and partly by the Federal Land Bank at the time the Federal Land Bank attempted to appoint the substitute trustee, and that appellee did not concur nor join in such appointment, either by such written instrument so recorded or otherwise.

Appellant, by reason of the above, contends that the foreclosure sale and conveyance of the land by the substitute trustee was void and the judgment against appellant was error.

Briefly stated, the point of the contention is, that the debt was owned by the Federal Land Bank and appellee, and that only the Federal Land Bank acted in the appointment of the substitute trustee. The actions taken by the Federal Land Bank and appellant leading up to and including the appointment of A. C. Williams as substitute trustee, and the proceedings had by the substitute trustee in foreclosing the deed of trust lien are lengthy, and we state them briefly from the record:

On March 28, 1928, John Calvin Tom and wife, Rosa Mary Tom, executed a promissory note in the principal sum of Five Thousand and no/100 ($5,000) Dollars, payable to the order of the Federal Land Bank of Houston, with interest at the rate of five percent per annum, payable in seventy-one equal semi-annual installments of One Hundred Fifty and no/100 ($150) Dollars each, due and payable on the first day of April and October of each year, and the final payment of Two Hundred Thirty-Two and 80/100 ($232.80) Dollars, on the first day of April, 1964. This note was endorsed and the payment thereof guaranteed by the Kenedy National Farm Loan Association.

Also, on March 28, 1928, John Calvin Tom and wife, Rosa Mary Tom, executed to M. H. Gossett, Trustee, a deed of trust on the land in controversy to secure such note, such deed of trust being recorded in Volume "Y", page 3, of the Deed of Trust Records of DeWitt County, Texas, and in Volume "T", at page 569 of the Deed of Trust Records of Goliad County, Texas.

Such deed of trust provided that the Federal Land Bank of Houston, or the legal or equitable holder or owner of the indebtedness secured thereby, should, upon certain conditions, have an option to accelerate the maturity of the note and request the Trustee, or his successor, to sell the security at public auction in satisfaction of the entire debt. The deed of trust, in addition to that provision, made the following provision with regard to installments of the note:

"It is agreed that if default be made in the payment of any of the semi-annual installments of the note secured by this deed of trust, The Federal Land Bank of Houston, or its assigns, shall have and is hereby given the right to sell the property herein conveyed, in satisfaction of such defaulted payments, without declaring the whole debt due, such sale to be made upon the same terms and conditions, as to manner of advertisement, time and place of sale, etc. as is provided for in the event said Bank exercises its option and declares the whole note due, save and except that where the sale is made because of the default of one or more of the semi-annual payments, such sale shall be made subject to the unmatured part of the note secured by this deed of trust, and it is agreed that such sale shall not in any manner affect the unmatured part of the debt secured by this deed of trust, but as to such unmatured part this deed of trust shall remain in full force and effect, just as though no sale had been made under the provisions of this paragraph; and it is specifically agreed that no sale under the powers conferred in this paragraph shall exhaust the right of sale under the powers conferred in the first preceding paragraph hereof relating to the maturity of the entire debt, nor shall any sale exhaust the power of sale to enforce the payment of any subsequently maturing installments, the payment of which may be defaulted, and it is agreed that an assignee holding any installment or installments of the note hereby secured, shall have the same powers as are hereby conferred on The Federal Land Bank of Houston, to request the Trustee named herein, or his successors as herein provided for, to sell the property herein conveyed.

"The Trustee making any sale under either of the powers of sale herein provided for, shall receive the proceeds thereof and apply the same as follows: * * * If the said trustee shall die, or shall remove from the State of Texas, or shall be dis-

qualified from acting in the execution of this trust, or shall fail or refuse to execute the same when requested by the owner or holder of said debt so to do, said owner or holder shall have full power to appoint, by written instrument duly recorded in said county, a Substitute Trustee, and, if necessary, several Substitute Trustees in succession, who shall succeed to all the estate, rights, powers and duties of the said M. H. Gossett, and mortgagors do hereby ratify and confirm any and all acts which the said M. H. Gossett, Trustee, or his successor or successors in this trust, shall do lawfully by virtue hereof."

On May 29, 1936, the Kenedy National Farm Loan Association paid to the Federal Land Bank of Houston One Hundred Fifty-Six and 14/100 ($156.14) Dollars, in payment of the principal and interest due on that amortization due April 1, 1934 (this being one of the installments of the note hereinabove set out).

On May 6, 1936, the Board of Directors of the Kenedy National Farm Loan Association adopted a resolution addressed to the Federal Land Bank of Houston and to A. C. Williams, Substitute Trustee, requesting an assignment of the installment so paid and requesting the Substitute Trustee to foreclose on the security in satisfaction of such delinquent installment.

On July 9, 1936, The Federal Land Bank of Houston, acting through R. D. Johnson, its Vice President, and John V. Van De-Mark, its Secretary, executed an Appointment of Substitute Trustee, appointing A. C. Williams to succeed to all the estate, rights, powers and duties of M. H. Gossett, the Trustee named in the deed of trust hereinabove referred to. In such instrument there was also an assignment to the Kenedy National Farm Loan Association of the lien securing the installment of the note paid by such Association. This instrument appointing the Substitute Trustee and assigning the installments to the Association was recorded in Volume 30, page 608, of the Deed of Trust Records of De-Witt County, Texas. This procedure had been authorized by the executive board of the Federal Land Bank.

The Trustee's foreclosure under which appellee claims title was afterwards conducted by an agent and attorney-in-fact of A. C. Williams, Substitute Trustee.

The facts more briefly stated are that appellee paid an installment of the note. When it did so it requested the Federal

Land Bank to assign to it the deed of trust lien securing such installment. After the payment of such installment, but before the assignment, the Federal Land Bank executed an instrument appointing the substitute trustee to succeed the trustee Gossett, who had died.

Appellant contends that at the time of the payment of the installment, and before any assignment, appellee became automatically an owner or holder of a part of the note held by the Federal Land Bank such as to require appellee to join in with the Federal Land Bank in the appointment of the substitute trustee under the rule stated in Diversified Fruit Farms v. Johnson, 58 S.W.2d 73, by the Commission of Appeals. That contention of appellant is based upon the contention that since the appellant was an endorser on the note held by the Federal Land Bank the mere payment of the installment, without any assignment subrogating appellee to the lien securing the note held by the Federal Land Bank, automatically made appellee a joint holder of the note, and in support of the contention appellant cites Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 77 A.L.R. 663; Burrows v. Nacogdoches National Farm Loan Ass'n, Tex.Civ.App., 7 S.W.2d 172, and others. We understand those cases do not apply where only a part of the debt is paid by the surety; that appellee did not acquire any rights under the power of sale contained in the trust deed until the assignment of the installment by the Federal Land Bank, and that at that time the Land Bank had already appointed the substitute Trustee. But, if appellee had become a holder of the assigned installment the deed of trust provides that, "It is agreed that if default be made in the payment of any of the semi-annual installments of the note secured by this deed of trust the Federal Land Bank of Houston, or its assigns, shall have and is hereby given the right to sell the property herein conveyed, in satisfaction of such defaulted payment, without declaring the whole debt due," and makes provision that such sale shall be made subject to the unmatured part of the debt. Appellant's proposition, for reasons stated, is overruled.

■ Appellant submits that the court erred in rendering the judgment and that the sale was void because neither the appellee, the owner and holder of a part of the note (one installment), nor the Federal Land Bank, owner of the remainder of the note, made a request to the trustee

or substitute trustee that the property be sold.

Waiving any inconsistency in appellant's brief as to any request or want of request for the foreclosure sale, pointed out by appellee, we prefer to consider the matter complained of in the proposition.

The deed of trust provides: "It is stipulated and agreed that in case of any sale hereunder all prerequisites to sale shall be presumed to have been performed; and that in any conveyance given hereunder, all statements of fact or other recitals therein made * * * as to the request to the trustee to enforce the trust * * shall be taken in all courts of law or equity as prima facie evidence that the facts so stated or recited are true."

The deed of trust further provides that an assignee holding any installment of the note secured, shall have the same powers as are conferred on the Federal Land Bank to request the trustee named, or his successors, to sell the property conveyed.

The record shows that on May 29, 1936, appellee paid an installment of the note, requested the Federal Land Bank to assign to it the lien securing such installment, and requested A. C. Williams, the substitute Trustee, to foreclose on the land. On July 9, 1936, the Federal Land Bank executed to appellee an assignment of the lien and instructed its legal department to furnish papers for such foreclosure. In the appointment of the substitute Trustee by the Land Bank the death of the trustee is recited, and such instrument appointing the substitute admitted as evidence on the trial. Judge Lewis Rogers testified that at that time he was General Counsel for the Federal Land Bank; that he attended to the matters requested appointing the substitute and instructed the foreclosure on the installment, together with the instruments for the substitute trustee to execute in connection with the foreclosure; that the substitute trustee appointed W. E. Ruckman, his attorney in fact, to conduct such installment foreclosure, which appointment and service was authorized by the deed of trust. The evidence shows that Ruckman, acting for the substitute trustee, conducted the trustee sale.

The trial court found that the Land Bank and appellee acted together in requesting the substitute trustee to conduct the foreclosure sale.

■ Appellant submits error in the rendition of the judgment for the reason that

there was no evidence that M. H. Gossett, trustee in the deed of trust, had died, or removed from the State, etc., as provided in the deed of trust. The whole proceeding in the appointment of the substitute trustee and the trial of the case was based upon the assumption that M. H. Gossett, the trustee in the deed of trust, was dead. We find no direct evidence in the record of his death. The deed of trust contains the following: "It is stipulated that in case of any sale hereunder all prerequisites to such sale shall be presumed to have been performed, and that in any conveyance given hereunder all statements of facts or other recitals therein made as to * * * the request to the trustee to enforce the trust, or as to the proper and due appointment of any substitute trustee, * * * or as to any other preliminary act or thing, shall be taken in all courts of law or equity as prima facie evidence that the facts so stated or recited are true." The substitute trustee's deed under which appellee holds title recites: "Whereas M. H. Gossett, the trustee named in said deed of trust, died on May ——, 1934, and the Federal Land Bank of Houston, the owner and holder of the indebtedness * * * constituted and appointed A. C. Williams substitute trustee, to succeed to all the estate, rights, powers and duties of said M. H. Gossett, Trustee." A similar provision was contained in the appointment of the substitute trustee, the power of attorney from A. C. Williams, substitute trustee to W. E. Ruckman, in the notices of sale, and in the substitute trustee's deed by W. E. Ruckman, agent and attorney in fact to appellee.

In construing similar provisions in deeds of trusts to the above, the courts hold the instruments above, introduced in evidence, constitute prima facie proof of the truth of the facts so recited. Hart v. McClusky, Tex.Civ.App., 118 S.W.2d 1077, writ refused; Kaiser v. Hutcheson, Tex.Civ.App., 112 S.W.2d 1058; Heiner v. Homestead Realty Co., Tex.Civ.App., 100 S.W.2d 793; Hunt v. Isom, Tex.Civ.App., 77 S.W2d 1095; Compton v. Republic Bldg. & Loan Ass'n, Tex.Civ.App., 67 S.W.2d 1095, writ dismissed, (the last two above cases from this Court); Allen v. Farm & Home Savings & Loan Ass'n, Tex.Civ.App., 58 S.W. 2d 866, writ refused; Smith v. Bittick, Tex.Civ.App., 237 S.W. 331, writ refused, and other cases we have reviewed.

■ The record shows that the notice of trustee's sale was posted at three public places in Goliad County. We overrule appellant's assignment complaining of insufficient notice of sale in Goliad County.

The deed of trust provided that the original trustee or any substitute trustee is authorized to appoint an attorney in fact to act as trustee under him and in his place. The sale and conveyance of the land under the foreclosure were made by W. E. Ruckman, acting as attorney in fact for A. C. Williams, the substitute trustee.

Appellant assigns error for the reason that A. C. Williams was not a legally constituted substitute trustee. We have heretofore considered the validity of such appointment under other propositions. It is overruled. Casas v. Federal Land Bank of Houston, Tex.Civ.App., 106 S.W.2d 1107.

■ Appellant asserts error on the ground that the written instrument authorizing W. E. Ruckman to act as agent and attorney in fact for the substitute trustee was not recorded in Goliad County or DeWitt County until two days after the sale was made. The instrument making the appointment was signed and acknowledged by the substitute trustee as provided by the deed of trust. The deed of trust does not require that the instrument be recorded. In Casas v. Federal Land Bank of Houston, 106 S.W.2d 1107, in considering a deed of trust identical with the one in this case, the San Antonio Court of Civil Appeals specifically held that such contention was without merit, since notice was not required by the deed of trust, and referred to Chandler v. Guaranty Mortgage Co., Tex.Civ.App., 89 S.W.2d 250; Gamble v. Martin, 60 Tex.Civ.App., 517, 129 S.W. 386, 387; and Wilson v. Armstrong, Tex. Civ.App., 236 S.W. 755. The rule seems well settled that the provisions of a deed of trust cannot be enlarged by judicial fiat. Michael v. Crawford, 108 Tex. 352, 193 S.W. 1070.

We have considered the other assignments asserting that the trial court erred in making findings of fact. The court states that the findings of fact and conclusions of law were made at the request of plaintiff (appellant here). The assignments have been considered and are overruled.

Finding no reversible error, the case is affirmed.