FARMERS' & MERCHANTS' BANK v. MYERS et ux.

(Division A. Dec. 2, 1929. Suggestion of Error Overruled January 13, 1930.)

[124 So. 763. No. 28166.]

J. Knox Huff, of Forest, for appellant.

Chalmers Alexander, of Jackson, for appellees.

Argued orally by **J. Knox Huff**, for appellant, and by **Chalmers Alexander**, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellees, W. H. Myers and his wife, Annie L. Myers, filed a bill of complaint in the chancery court of Scott county seeking to enjoin the appellant from foreclosing a deed of trust executed by the appellees to secure the payment of an indebtedness of four thousand dollars due by them to the appellant. A temporary injunction was issued and served, and thereafter the appellant answered the bill and made a motion to dissolve the injunction, which was heard by the trial court on bill, answer, and oral testimony, and a decree was rendered by the court overruling the motion to dissolve the injunction, from which an appeal was prosecuted to this court.

The bill of complaint alleged, as grounds for an injunction, that the indebtedness secured by the deed of trust was not due at the time of the attempted foreclosure, and that appellees were not notified of the declared maturity of the indebtedness, and of the intention to place the same in the hands of an attorney for collection, until long after the note evidencing the indebtedness had been so placed in the hands of an attorney.

The note secured by the deed of trust was due by its terms on December 1, 1927, and W. H. Myers, one of the appellees, testified that on December 3, 1927, he paid the interest accrued on the indebtedness to the date of the maturity thereof, and that thereupon the appellant bank agreed with him that upon the payment of one thousand dollars on the principal of the indebtedness, the time of payment of the balance of three thousand dollars would be extended to December 1, 1928, and that on or about January 18, 1928, in pursuance of this agreement, he paid the appellant, one thousand dollars to be applied on the indebtedness. The testimony for the appellant was to the effect that no such agreement was entered into, that, at the request of the appellee W. H.

Myers, the bank agreed to extend the time of payment of the note only on the condition that the appellees would comply with certain named requirements, and that, on or about December 31, 1927, the appellees notified the bank in writing that they were unable to comply with the conditions named by the bank as a prerequisite to an extension of the indebtedness.

The correspondence between the appellees and the appellant, and particularly the letters of the appellee W. H. Myers, dated December 31, 1927, and January 18, 1928, strongly supports the appellant's contention in reference to the proposed extension; but, conceding for the purpose of this decision that there is sufficient evidence in the record to support a finding that an agreement to extend the time of payment was in fact made, still the proof shows, and it is conceded, that there was no consideration to support the agreement. Consequently such agreement was invalid and unenforceable, and, at any time after the original date of the maturity of the indebtedness, the appellant had the legal right to take such steps as were necessary to enforce collection. This exact point was decided in Thompson v. Wynne, 127 Miss. 773, 90 So. 482.

The appellees contend, however, that, although the agreement to extend the date of payment of the indebtedness was void for want of consideration, still the appellant was thereby estopped to incur attorney's fees and other expenses by placing the note in the hands of an attorney for collection, and by advertising the property for sale under the deed of trust, without first notifying the appellees of its intention and purpose so to do. Since the agreement to extend the indebtedness was void, no duties or obligations were imposed thereby, and, at any time after the original maturity of the indebtedness, the appellant had the right to proceed to enforce collection of its indebtedness and to enlist the services of an attorney for that purpose.

The appellees also seem to contend that the amount claimed by the appellant to be due was excessive, for the reason that interest was calculated on the original principal of the indebtedness without proper reduction for the payment made in January, 1928. In this contention appellees are in error. A full statement of the interest accrued and total amount due at the time of the trial in the court below is contained in the record, and the interest appears to be therein correctly calculated on the original principal up to the date of this payment and thereafter on the balance due only.

The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.