## CASAS et al. v. FEDERAL LAND BANK OF HOUSTON et al.

### No. 10075.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1937.

W. W. Winslow, of San Diego, for appellants.

Lewis Rogers, of Houston, Carl Runge, of Mason, and J. V. Wheat, W. G. Sears, and H. A. Berry, all of Houston, for appellees.

SMITH, Chief Justice.

This action involves the validity of a sale of real property under power conferred in a deed of trust given to secure the debt of Celso Casas in favor of the Federal Land Bank of Houston. It was provided in the deed of trust that in case of default the property should be sold by the named trustee, M. H. Gossett, in satisfaction of the debt secured, as is usual in such instruments. It was further provided that: "If the said Trustee shall die, or shall remove from the State of Texas, or shall be disqualified from acting in the execution of this trust, or shall fail or refuse to execute the same when requested by the owner or holder of said debt so to do, said owner or holder shall have full power to appoint, by written instrument duly recorded in said County, a Substitute Trustee, and, if necessary, several Substitute Trustees in succession, who shall succeed to all the estate, rights, powers and duties of the said M. H. Gossett, and Mortgagors do hereby ratify and confirm any and all acts which the said M. H. Gossett, Trustee, or his successor or successors in this trust, shall do lawfully by virtue hereof. And the said Trustee, or any substitute or successor Trustee, is hereby authorized and empowered to appoint an attorney-in-fact to act as Trustee under him and in his name, place and stead, such appointment to be evidenced by an instrument signed and acknowledged by said Trustee, substitute or successor; and all acts done by said attorney-in-fact shall be valid, lawful and binding as if done by said Trustee, substitute or successor, in person."

The trustee named in the deed of trust died before the debt matured, and upon default the bank, on July 9, 1934, regularly appointed A. C. Williams as substitute trustee, with all the powers of the original trustee, to sell said property. On July 30, 1934, Williams, substitute trustee, appointed George C. Rehmet "my true and

lawful attorney in fact to act for me and under me and in my name, place and stead, to sell the above described property on September 4, 1934, the same being the first Tuesday of said month, in satisfaction of the remaining balance due on said note above described, according to the tenor, terms and effect, in the manner provided for in said Deed of Trust and in accordance with the law, and to make, execute and deliver to the purchaser thereof a proper deed or conveyance, and I do hereby ratify and confirm any and all such acts and things as my said attorney may lawfully do in the premises."

In pursuance of the power conferred by the deed of trust, Williams, as substitute trustee, advertised the land to be sold on September 4, 1934. The notices of sale were properly and timely posted, but Rehmet actually struck off the land at the sale; the Land Bank, mortgagee, being the purchaser, and the conveyance being made to it by Rehmet, as attorney in fact. Subsequently, the mortgagor having died, his heirs at law brought this action in trespass to try title against the bank, and others claiming under it, to recover title to the land involved, upon the contention that the sale under the deed of trust was void, because not made by Williams, substitute trustee, but by Rehmet, his attorney in fact. The trial court denied recovery to the plaintiffs below, Maria Casas de Sanchez and others, who have appealed.

The record shows, and appellants seem to concede, that the sale was regular in all respects, unless it was void because Rehmet, the attorney in fact, instead of Williams, the substitute trustee, actually conducted the sale, and executed the deed in pursuance of the sale.

Appellants' contention, summarized from their several assignments of error, which were adopted as their propositions of law, are that the sale of the mortgaged property by Rehmet, under power of attorney from Substitute Trustee Williams, was void, (1) because "not a sale authorized by the terms of the deed of trust"; that it was void (2) "for failure to comply with the terms and requirements of the deed of trust"; (3) that it was void because the substitute trustee, Williams, "had no authority to delegate the power of sale vested in him under the terms of the deed of trust."

The first two grounds are too general to invoke consideration, but the third ground seems to encompass all of appellants' assigned contentions. Appellants contend, simply, that Williams had no authority under the deed of trust to clothe Rehmet, his attorney in fact, with the power of sale conferred upon Williams as substitute trustee, and that, therefore, Rehmet's acts in making the actual sale, and in executing the conveyance of the land to the purchaser at that sale, were void. We overrule this contention. In the provisions of the deed of trust hereinabove quoted, any duly appointed substitute trustee (such as Williams) was expressly, in terms, authorized and empowered to appoint an attorney in fact to act as trustee in the place and stead of the trustee or any substitute trustee, and ratifying any and all acts done by the attorney in fact under that appointment, as if done by the one appointing him.

We conclude that this was such an express agreement of the parties as would authorize an attorney in fact, such as Rehmet, who was concededly appointed in the manner and form provided in the deed of trust, to perform all or any of the acts incumbent upon the trustee named in the deed of trust, or his duly appointed substitute trustee, and that his acts in actually making the sale, and conveying the land to the purchaser at that sale, were valid and binding upon mortgagor and mortgagee alike. Jones Mortgages (8th Ed.) § 2403; Hess v. Dean, 66 Tex. 663, 2 S.W. 27; Fireman's Fund Ins. Co. v. Wilson (Tex.Com.App.) 284 S.W. 920.

It is urged in appellants' argument that the sale was void because Williams' appointment as substitute trustee, and Rehmet's as attorney in fact, were not recorded, nor notice thereof given, until after the sale was made; and, further, because whereas the notices of sale were prepared and posted by Williams, as substitute trustee, the sale was actually made by Rehmet, as attorney in fact for Williams. These contentions were not made by assignment of error, or proposition, and therefore cannot be considered on this appeal. Nevertheless, they are without merit, since notice was not required by the deed of trust. Chandler v. Guaranty Mortgage Co. (Tex.Civ.App.) 89 S.W.(2d) 250; Gamble v. Martin, 60 Tex.Civ.App. 517, 129 S.W. 386, 387; Wilson v. Armstrong (Tex.Civ.App.) 236 S.W. 755.

The judgment is affirmed.