## JACKSON et ux. v. WATTS et al.
### No. 5436.

Court of Civil Appeals of Texas. Texarkana.

Jan. 28, 1938.

Rehearing Denied Feb. 3, 1938.

Dudley Lawson, of Alto, for appellants.

James I. Perkins and F. A. Stamper, both of Houston, for appellees.

**WILLIAMS, Justice.**

This is an appeal from a decree, entered after a hearing, denying appellants', Geo. T. Jackson and Ida Mae Jackson, plaintiffs below, application for a temporary injunction to restrain appellees, J. C. Watts, as substitute trustee, and the Home Owners' Loan Corporation, as the holder of an indebtedness and deed of trust lien, from proceeding to sell the property described in the deed of trust.

The evidence had on the hearing establishes that plaintiffs were indebted to the corporation upon their certain promissory note secured by deed of trust executed by them to B. W. Steele, as trustee for said corporation; that said note was long past due and unpaid; that plaintiffs being unable to pay any portion of this debt, and the loan then being subject to foreclosure, said corporation, in writing, made appointment of defendant Watts as substitute trustee in the place of Steele, and requested Watts to exercise the power of sale contained in the deed of trust for the purpose of satisfying its debt. At the time said corporation appointed Watts substitute trustee, the said B. W. Steele, the original trustee, resided in Harris county, Tex., and was able and willing to perform under the terms of said deed of trust; had never refused to act, and had never resigned his trust, and said corporation had never made any request of the said Steele to act under the terms of the said deed of trust. Watts had advertised the house and lot for sale and was proceeding as substitute trustee to sell same when the present litigation arose. A stay order was granted pending the appeal. The Home Owners' Loan Corporation will hereafter be referred to as the corporation.

The deed of trust under consideration is in the usual and conventional form, and follows the terms of article 3810, R.C.S.1925 of Texas. In this instrument, wherever the original trustee is referred to, or his powers and duties defined, specific reference is also made to a substitute trustee, and like powers and duties are conferred upon such substitute trustee whenever he shall have been appointed. With reference to the power to make valid appointments of a substitute trustee it contains the following two clauses, namely:

"In case of death of the said trustee, or his refusal, failure, or inability for any reason to make said sale or to perform said trusts, then the Corporation or other holder of said note shall have the right, and is hereby authorized and empowered to appoint in writing, a suitable person, who resides in the State of Texas, who shall become the trustee herein, as the substitute for said trustee, and said substitute shall thereupon succeed to all the estate, rights, powers, and trusts hereinbefore granted to or vested in the said trustee.

"It is further expressly provided that the Corporation, in any event, is hereby authorized at its option to appoint in writing, a substitute trustee to act instead of the trustee named herein; and the authority to appoint other substitute trustees, successively, during the life of this loan, and such trustee shall each and all succeed to all of the rights and powers of the first trustee named herein."

The issue presented on this appeal is whether under the facts herein set out said corporation under the terms and provisions of this deed of trust had the power to make a valid appointment of a substitute trustee with the right to exercise all the powers and functions of the original trustee who had never resigned or refused to perform his duties under said trust, still a resident of Texas, able, willing, and qualified to act.

Appellants contend that the provisions of these two clauses are in conflict, and therefore the provisions in the first clause, being specific, will control over the general provisions set out in the second clause, and said corporation was without the valid power to appoint a substitute trustee except upon the happening of a contingency mentioned in the first clause.

It is noted that both clauses provide for the appointment of a substitute

trustee. The first recites that said corporation or other holder of said note shall have the right upon the contingencies mentioned in said clause. When we proceed to the second clause it commences with the expression, "It is further expressly provided" that the corporation in any event is authorized at its option to appoint a substitute trustee. This second clause grants only said corporation the power to appoint a substitute trustee in any event, and does not confer that power upon any assignee or other holder of the note. The use of the term "It is further expressly provided" indicates that what is to follow is in addition to what has been said and had been granted in the preceding clause. If it was not the intention of the parties to give said corporation alone the powers mentioned in the second clause, then the incorporation of said clause in the deed of trust serves no purpose in the instrument. We are of the opinion that there is no conflict in the two clauses, and that the second is merely cumulative of the first and is designed to enlarge its scope, and to give it any other construction would be to strike down the second clause in its entirety. One of the cardinal rules of construction of a written contract is to ascertain the intention of the parties as gathered from the entire instrument, considering all its parts, and giving effect to all its provisions if it can lawfully and reasonably be done. Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391. In 14 Tex.Jur. p. 919, § 140, citing numerous authorities in support of the text, it quotes from Gibbs v. Barkley, Tex.Com.App., 242 S.W. 462, 464, to wit: " 'The intention * * * is not to be gotten from an isolated clause or paragraph, but gathered from a fair construction of the entire instrument. Each clause or paragraph must be construed with reference to every other paragraph, and the effect of one paragraph upon the other determined.' "

In Thompson v. Wynne, 127 Miss. 773, 90 So. 482, 483, the Supreme Court of Mississippi, Division A., construed the validity of an appointment of a substitute trustee under facts somewhat similar to that involved here. The power set out in that deed of trust in which the substitution was made is in this language: "The owner or owners of the above indebtedness may, at any time he or they may desire, appoint another trustee in the place and stead of the trustee herein named, or any succeeding trustee."

In that case the owner of the debt first requested Jones, the trustee named in the deed of trust, to proceed to foreclose in the manner provided in the deed of trust. Jones was proceeding to act under his powers, but before he had effected a sale under the deed of trust, the owner of the indebtedness dismissed Jones and substituted one Causey as trustee who proceeded to act. There it was contended that the substitution of Causey as trustee was void; that such a power given in a deed of trust is to be strictly construed against its exercise; that the substitution could not take place except upon the happening of the precise event specified in the deed of trust. The court, in passing upon this contention, states: "There is no question as to the soundness of the principle referred to; but, applying it with full force to power contained in the deed of trust here involved, it is clear that the rule was not violated. The power contained in the deed of trust simply states that the appellant should have the power to appoint another trustee in the place of the trustee named, or any succeeding trustee, at any time he might see fit. Language could not be broader. The parties so contracted, and why should they not be bound by their contract? We do not mean (and it is not necessary to decide the question) that such a broad power could be arbitrarily and unjustly used; that it could be used as an instrument of fraud and oppression. There is no such question involved under the facts of this case. It will be time enough to decide that question when it arises. We have here a deed of trust containing this broad power of appointment of a substituted trustee, and an exercise of that power by the cestui que trust in perfect good faith. We are of opinion, under the facts of this case, that the substitution is unassailable."

See, also, Casas et al. v. Federal Land Bank et al., Tex.Civ.App., 106 S.W.2d 1107; Vawter et al. v. Federal Land Bank of Louisville, 20 Tenn.App. 671, 103 S.W.2d 599.

■ There is no suggestion in the pleadings or in the evidence of any fraud upon the part of any one or any collusion between Watts and said corporation, or that the sale would not be fairly held. At the time of the execution of the deed of trust in January, 1935, B. W. Steele, the trustee named, was division manager of said corporation, but since November 1, 1936, had not been connected with it. The substitute, Watts, was an employee of said corporation as a field representative of the loan service department at the time he was appointed substitute trustee in October, 1937. From the undis-

puted facts it can be said that the only purpose of using Watts as substitute trustee was to effect a saving of the 2½ per cent. commission for the corporation and the plaintiff, in that Steele would have expected said commission for his service, and Watts, who was then a salaried employee, was to receive nothing as commission or compensation for making this sale.

We sustain the validity of the appointment by Home Owners' Loan Corporation of J. C. Watts as substitute trustee with full powers under the deed of trust.

The decree refusing the injunction is affirmed.