## CUNNINGHAM et al. v. PASCHALL.

### No. 13993.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 8, 1939.

Rehearing Denied Jan. 12, 1940.

A. B. Cates, of Decatur, for appellants.

C. T. Gettys, of Decatur, for appellee.

BROWN, Justice.

R. S. Goode and wife, Janie, and Mary E. Cunningham, a feme sole, on December 31st, 1928, executed and delivered to F. W. Bartlett, as Trustee, a certain Deed of Trust, conveying the lands in controversy, situated in Wise County, Texas, to secure the payment of one note in the sum of $1,-350, due and payable on January 1st, 1936, to the order of E. J. Emmons, bearing interest from January 1st, 1929, until maturity, at the rate of 6½ per cent per annum, the interest before maturity being payable annually on the first day of January of each year, and the past due interest bearing interest at the rate of 10 per cent per annum after maturity; the principal debt is also made to bear interest after maturity at the rate of 10 per cent per annum.

The instrument provides for the appointment of a substitute trustee, under the usual conditions, and also provides that the original, or any substituted trustee, "is hereby authorized and empowered to appoint an attorney in fact to act as trustee hereunder, for him and in his name, place and stead; such appointment to be evidenced by an instrument signed and acknowledged by said trustee, substitute or successor; and all acts done by said attorney in fact shall be as valid, lawful and binding as if done by said trustee, substitute or successor in person. And it shall not be necessary for any trustee or attorney in fact to personally post the notices as herein provided for, but the same may be posted by any person under his direction."

The instrument further recites that it "secures the payment of another note of this date, called second mortgage note, in the sum of $236.25, executed by first parties payable to Mrs. J. W. Bartlett, the lien securing which shall be subordinate and inferior to the lien securing the indebtedness hereinbefore described. The power of sale herein conferred on the trustee may be exercised as hereinbefore provided in case of default in the payment of the second mortgage note."

The other provisions in the instrument are those common to Deeds of Trust in Texas, including right of acceleration of maturity and power of sale.

E. J. Emmons, payee named in the larger note, died and his son, Edwin J. Emmons, Jr., was, on July 23rd, 1929, named by the Probate Court of Connecticut as administrator of deceased's estate.

By successive conveyances, beginning with one by such named administrator, the note and Deed of Trust lien were sold, assigned and conveyed to one Geo. H. Allen, who requested that a sale be made of the lands because of default in the payment of the indebtedness.

The Trustee, by an instrument in writing, appointed one J. L. Sellers to act as attorney in fact for such Trustee in making the sale, and Sellers, after advertising the sale, did, on March 6th, 1934, at public vendue, sell the lands to George H. Allen, and instead of executing the Trustee's deed as attorney in fact for the Trustee, Sellers executed the deed to the purchaser, Allen, as a substitute trustee. The purchaser went into possession and, through successive deeds, E. L. Paschall, the appellee, became the purchaser.

Sellers, attorney in fact for the original trustee, executed in proper form a correction deed to the purchaser at the Trustee's sale, several years later.

The former owners of the lands, on October 31st, 1938, brought suit in trespass to try title against the said present record title owner, Paschall. They also sued for rents and damages.

. The defendant answered formally and by pleading specially his title through the Trustee's sale, his title by three years' limitation, improvements made in good faith as an innocent purchaser for value, and the payment of taxes and subrogation to the tax liens, and he demurred and specially excepted to the petition. In addition to specially excepting to the answer, the plaintiffs denied generally all allegations in defendant's answer.

It will be noted here that the justness of the original debt is not assailed, that, by the very terms of the deed of trust, the debt was long past due and nowhere in plaintiffs' pleading do they tender or even offer to pay the admitted indebtedness.

In fact, the plaintiffs' chief contention before us is that the contract is tainted with usury and that the sale was made because of default in the payment of the usurious interest and therefore the debt was not, in fact, due and its due date could not be accelerated, under the provisions of the Deed of Trust.

We have examined the instrument as found in the agreed statement of facts, and we do not find where the contract provides for usurious interest. There is nothing in the statement of facts that sheds light upon the second lien note, which we mentioned above. It may or may not have been an interest note, we do not know and no evidence was introduced to show its status. But suppose it were an additional interest note, and suppose the contract were such that by accelerating the maturity of the debt, usurious interest could be exacted, nevertheless we find the following provisions in the Deed of Trust: "Should breach occur in any of the foregoing covenants, or should a tax be levied on this lien by the State of Texas, then the holder or holders of the indebtedness secured hereby may, at his or their election, or at the election of any of such holders, *declare the whole amount lawfully collectible hereunder due and collectible at once.*" (Italics ours.)

Thus it will be seen that even if the contract could be shown on its face to provide for usurious interest, this "saving clause" makes it plain that only the amount "lawfully collectible" can be collected under the instrument.

Our Supreme Court, since the decision in the famous case of Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.2d 282, 84 A.L.R. 1269, has made it plain that, unless it can be shown there is an evident intent to exact usurious interest, the contract containing any language showing that nothing more than lawful interest can or will be exacted will not be held to be tainted with usury. Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464, which case reverses Grota v. Holcombe, Tex.Civ.App., 97 S.W.2d 301.

The cause was tried to the court, and after the plaintiffs had introduced all of the evidence that appears in the agreed statement of facts, the defendant declined to introduce any evidence and moved for judgment. This motion was granted and judgment accordingly was rendered for the defendant. Hence this appeal.

In addition to the cases cited above, we cite our opinion in K. O. Goode et al. v. W. C. Davis et al., Tex.Civ.App., 135 S.W. 2d 285, opinion by Mr. Justice Speer.

The contract before us is not usurious and the sale being for default in the payment of interest, the sale was not invalid.

We further observe that the principal note and its interest coupons were made payable to E. J. Emmons, while the second lien note, treated by appellants as an additional interest note, was made payable to Mrs. J. W. Bartlett. No privity of relationship is shown between Emmons and Mrs. Bartlett.

Under these facts, the two instruments do not show an intent to exact usurious interest. This would be true if both debts bore interest from date at the rate of 10 per cent per annum, because they appear, insofar as this record discloses, to be two separate and distinct debts, due to two separate and distinct persons, and one is secured by a first lien while the other is secured by a second lien.

Furthermore, in 42 Tex.Juri., para. 48, p. 941, in discussing sales made under usurious contracts, we find the following pronouncement: "But after a sale for both principal and interest without a tender of the principal sum due, the sale is valid and the purchaser obtains a good title." The text cites Hemphill v. Watson, 60 Tex. 679.

The principal sum note executed to Emmons was, as is expressly stated in the deed of trust, for the extension of a vendor's lien note given to secure payment of the purchase money due on the lands conveyed.

In Hemphill v. Watson, supra, our Supreme Court held that it was incumbent upon the debtor to tender the principal sum—the money lawfully owed—to the owner and holder of the debt before the sale; that such a tender, after the sale, is not sufficient and the sale cannot be set aside under such circumstances.

Here there is no tender of, no offer to pay, the debt that is admittedly past due and just.

In the case cited, it is further held that a petition, in such circumstances, which does not tender such payment is subject to a general demurrer.

■ It is well established that when a mortgagee purchases at a foreclosure sale which is irregular or void as to the mortgagor, or one claiming under the mortgagor, and who has taken possession under and in reliance upon the foreclosure and purchase, may retain possession against the mortgagor or one claiming under him, until the debt is paid. Conner Bros. v. Williams, 130 Tex. 572, 112 S.W.2d 709. See, also, Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329; Elliott v. C. C. Slaughter Co., Tex.Civ. App., 236 S.W. 1114; Vanderwolk v. Matthaei, Tex.Civ.App., 167 S.W. 304, writ refused. Many other cases could be cited in support of such holdings.

■ That the deed of trust may lawfully provide for a sale by some attorney in fact, duly authorized by the Trustee, is settled. Casas v. Federal Land Bank, Tex. Civ.App., 106 S.W.2d 1107, and cases cited.

We see no merit in the propositions that the defendant below cannot rely upon the respective sales and assignments executed by Edwin J. Emmons, Jr., as administrator of the estate of E. J. Emmons, deceased, to George H. Allen, executor of the Bristol Estate, and that by George H. Allen, as executor of said estate, to Elsie P. Nichols, after the plaintiffs introduced such instruments and conveyances in evidence, on the theory that it was incumbent upon the defendant to go further and show authority for such sales.

■ We take the opposite view, namely: The plaintiffs having introduced in evidence documents showing a perfect chain of title through which the defendant has been vested with title to the lands in controversy, plaintiffs have thereby made out a case for the defendant and it was incumbent upon the plaintiffs to both plead and prove that there is some vice in the conveyances that will render them ineffectual as links in defendant's chain of title. Goode et al. v. Davis et al., supra.

We hold that the trial court should have given full effect to all conveyances, thus introduced by the plaintiffs, unless and until same were successfully attacked by the plaintiffs.

Furthermore, the deed of trust contains those customary stipulations concerning the presumption of all prerequisites to the sale having been performed, in case of a sale, and concerning the recitations and statements of facts, in any conveyance, as being prima facie evidence of the truth of such facts and recitations.

■ It is too well established that the parties may so contract to burden this opinion with citation of authorities.

All assignments of error are overruled, and the judgment of the trial court is affirmed.